1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT, CDCR #E-46727,<br><br>                                   Plaintiff,<br><br>vs.<br><br>STEVEN GREGORY FARMER, Contracted Podiatrist; AUGUR, Licensed Vocational Nurse; L. PORTER, Licensed Vocational Nurse; JOHN DOES 1-10,<br><br>                                   Defendants. | Civil No.    09-2655 H (BLM)<br><br>**ORDER DENYING MOTION TO PROCEED _IN FORMA PAUPERIS_ AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[Doc. No. 2]** |

        Stanford Paul Bryant ("Plaintiff"), currently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.

        Plaintiff alleges a podiatrist and two nurses employed at Calipatria State Prison violated his Eighth Amendment rights while he was incarcerated there in April 2008. (Compl. at 9-15.) Plaintiff also alleges pendent state law claims. (_Id._ at 15-19.) Plaintiff seeks compensatory and punitive damages, as well as costs and declaratory relief. (Id. at 8, 19.)

/ / /
/ / /

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.   MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).  Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a

///

civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Plaintiff claims he has been incarcerated at CCI since May 2009, but has never been provided with a trust account statement. (Pl.'s Decl. in Supp. of IFP ¶ 3.) Instead, Plaintiff has been notified that CCI's trust office has been instructed *not* to provide certified copies of trust account statements directly to inmates, and instead requires them to send their completed IFP motion to the trust office. CCI's trust officials then forward the inmate's completed IFP application, including the certified copy of his trust account statement, to the appropriate court. (*See id.*, Ex. C.) Plaintiff objects to CCI's procedure, and essentially asks the Court to waive the certified trust account required by 28 U.S.C. § 1915(a)(2). Specifically, Plaintiff requests that the Court instead refer to a trust account statement issued by Calipatria State Prison in 2008 and take "judicial notice" that this Court has granted him leave to proceed IFP before. (*Id.* at 7 & Ex. E.) However, Plaintiff's request must be denied, for the IFP statute clearly requires a certified trust account statement or institutional equivalent for the 6-month period immediately preceding the filing of the *current* action. *See* 28 U.S.C. § 1915(a)(2).

Without Plaintiff's updated trust account statement, the Court is simply unable to assess the appropriate amount of the initial filing fee that may be required to initiate a new civil action at this time. *See* 28 U.S.C. § 1915(b)(1).

## II.

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

(2)     This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP pursuant to 28 U.S.C. § 1915(a).

(3)     Plaintiff is **GRANTED** forty five (45) days from the date this Order is Filed to either: (a) pay the entire $350 filing fee, **or** (b) file a new Motion to Proceed IFP, *which includes*

1   *a certified copy of his trust account statement for the 6-month period preceding the filing of his*
2   *Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

3        (4)    The Court further **DIRECTS** trust account officials at CCI, upon Plaintiff's timely
4   request and so long as he complies with the institution's internal trust office procedures, to fulfill
5   their statutory duty and provide a certified copy of Plaintiff's prison trust account activity or an
6   institutional equivalent for the 6-month period immediately preceding the filing of his Complaint
7   as required by 28 U.S.C. § 1915(a)(2).

8       **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a
9   Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this
10   matter. If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the
11   attached Motion to Proceed IFP, together with a certified copy of his prison trust account
12   statement within 45 days, this action shall remained closed without further Order of the Court.

13       IT IS SO ORDERED.

14   Dated:   December 18, 2009

15
16       MARILYN L. HUFF, District Judge
    UNITED STATES DISTRICT COURT

17
18
19
20
21
22
23
24
25
26
27
28